**UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | | |
|---|---|---|
| MONIKA CARNEY, | ) | |
| | ) | |
| PLAINTIFF, | ) | |
| | ) | Civil Action No._____ |
| v. | ) | |
| | ) | |
| | ) | |
| CAVALRY SPV I, LLC; | ) | |
| and CAVALRY PORTFOLIO | ) | |
| SERVICES, LLC; | ) | |
| | ) | |
| DEFENDANTS. | ) | <u>Jury Demanded</u> |

## <u>COMPLAINT</u>

Plaintiff, Monika Carney, brings this action under the Fair Debt Collection

Practices Act, 15 U.S.C. § 1692, et seq. ("FDCPA") and alleges:

## <u>JURISDICTION AND VENUE</u>

1.      This Court has jurisdiction pursuant to § 1692k(d) of the FDCPA, and 28

U.S.C. § 1331.

2.      Venue is proper in this District because parts of the acts and transactions

occurred here and Defendants transact substantial business here.

## <u>PARTIES</u>

3.      Plaintiff, Monika Carney ("Plaintiff") is a resident of the State of Illinois,

from whom Defendant attempted to collect a delinquent consumer debt allegedly owed

for a defaulted FIA CARD SERVICES, NA/Bank of America consumer credit card

account.  Plaintiff is thus a consumer as that term is defined in 15 U.S.C. § 1692a(3) of

the FDCPA.

4.      Defendant, Cavalry SPV I, LLC ("Cavalry"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant Cavalry operates a nationwide delinquent debt collection business and attempts to collect debts from consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant Cavalry was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

5.      Defendant Cavalry is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit A, Record from the Illinois Secretary of State).  In fact, Defendant Cavalry conducts extensive and substantial business in Illinois.

6.      Defendant Cavalry is licensed as a debt collection agency in the State of Illinois. (Exhibit B, Record from the Illinois Division of Professional Regulation).  In fact, Defendant Cavalry acts as a collection agency in Illinois.

7.      Defendant Cavalry is a bad debt buyer that buys large portfolios of defaulted consumer debts for pennies on the dollar, which it then collects upon, at times through other collection agencies.

8.      Defendant, Cavalry Portfolio Services, LLC ("CPS"), is a Delaware limited liability company that acts as a debt collector, as defined by § 1692a(6) of the FDCPA, because it regularly uses the mails and/or the telephone to collect, or attempt to collect, directly or indirectly, delinquent consumer debts. Defendant CPS operates a nationwide delinquent debt collection business and attempts to collect debts from

consumers in virtually every state, including consumers in the State of Illinois. In fact, Defendant CPS was acting as a debt collector, as that term is defined in the FDCPA, as to the delinquent consumer debt it attempted to collect from Plaintiff.

9.      Defendant CPS is authorized to conduct business in the State of Illinois and maintains a registered agent within the State of Illinois. (Exhibit C, Record from the Illinois Secretary of State).  In fact, Defendant CPS conducts extensive and substantial business in Illinois.

10.     Defendant CPS is licensed as a debt collection agency in the State of Illinois. (Exhibit D, Record from the Illinois Division of Professional Regulation).  In fact, Defendant CPS acts as a collection agency in Illinois.

11.     Defendant CPS performs recovery services for its affiliate, Cavalry SPV I, LLC, which includes credit reporting.

## FACTUAL ALLEGATIONS

12.     Plaintiff incurred a debt for goods and services used for personal purposes, originally for an FIA CARD SERVICES, NA/Bank of America consumer credit card account ("alleged debt"). The alleged debt is thus a "debt" as that term is defined at § 1692a(5) of the FDCPA.

13.     Due to her financial circumstances and underemployment, Plaintiff could not pay the alleged debt, and it went into default.

14.     Cavalry purportedly purchased the alleged debt sometime thereafter.

15.     Cavalry placed the alleged debt with CPS to be serviced and reported on Plaintiff's credit. Specifically, CPS communicated credit information about the alleged debt to the TransUnion, Equifax, and Experian credit reporting agencies.

16.     On March 13, 2014, Defendants filed a complaint (Exhibit E, Complaint) against Plaintiff to collect the alleged debt in the Circuit Court of Cook County, titled *Cavalry SPV I, LLC v. Monika H. Carney*, Case No 14 M1 114970. ("State Action").

17.     Plaintiff thereafter filed a Motion to Dismiss the State Action Complaint, on the basis of standing and that she did not owe the alleged debt. Specifically, the Motion included a statement that "Defendant disputes that she owes the debt sought by Plaintiff."

18.     On September 15, 2014, the State Action was dismissed with prejudice on the merits, per agreement that Defendants were canceling the debt.  (Exhibit F, Order).

19.     After September 15, 2014, Plaintiff did not owe any money to Cavalry.

20.     Despite the fact that Plaintiff owed no money to Cavalry after September 15, 2014, one or both Defendants thereafter communicated credit information to the Experian, Equifax and TransUnion credit reporting agencies in connection with the collection of the alleged debt. (Exhibit G, Excerpt from Credit Report Showing Defendants' Tradeline).

21.     Specifically, one or both Defendants communicated to the Experian, Equifax and TransUnion credit reporting agencies that Plaintiff owed a balance of $22,718 for the alleged debt. One or both Defendants communicated this information to each reporting agency, and thus in turn communicated false information to Plaintiff when she viewed the reports, on repeated occasions after September 15, 2014, and most recently in February, 2015.

22.     15 U.S.C. § 1692e of the FDCPA provides as follows:

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt. Without limiting the general application of the foregoing, the following conduct is a violation of this section:**

**. . . (8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed. . . .**

23.     Credit reporting by a debt collector constitutes an attempt to collect a debt. See, e.g., *Akalwadi v. Risk Management Alternatives, Inc*., 336 F.Supp.2d492, 503 n. 4 (D.Md.2004) (stating that "reporting the status of a consumer debt to a credit reporting agency is an activity that would certainly appear to meet the statute's requirement that the false, deceptive, or misleading representation or means be "in connection with" the collection of a debt."); *Rivera v. Bank One,* 145 F.R.D. 614, 623 (D.P.R. 1993)(a creditor's report of a debt to a consumer reporting agency is a "powerful tool, designed in part to wrench compliance with payment terms from its cardholder"). Debt collectors frequently will threaten to harm the consumer's credit as a cost effective way to coerce payment of a small debt.

24.     Even though Defendants knew or should have known, on and after September 15, 2014, that Plaintiff disputed owing the alleged debt, and that the debt was not owed, one or both Defendants thereafter communicated false credit information to the Equifax, Experian and TransUnion  credit reporting agencies. Specifically, one or both Defendants communicated that a) Plaintiff owed a balance of  $22,718 for the alleged debt, and that b) the debt was not disputed, both of which statements are a violation of 15 U.S.C. § 1692e(8), as said information is false.

25.     Plaintiff has suffered actual damages due to Defendants' actions, including but not limited to substantial emotional distress and damage to her credit profile. She has also spent time and money attempting to correct the problem caused by Defendants.

26.     Defendant's collection communications are to be interpreted under the "unsophisticated consumer" standard.  See, *Gammon v. GC Services, Ltd. Partnership*, 27 F.3d 1254, 1257 (7th Cir. 1994).

27.     As a debt collector, Cavalry may be held liable for its own violations of the FDCPA, and also it is vicariously liable for CPS' collection activity. (See *Fox v. Citicorp Credit Services, Inc*., 15 F.3d 1507 (9th Circ. 1994); *Pollice v. National Tax Funding, L.P.*, 225 F.3d 379 (3d Cir. 2000)).

28.     Upon information and belief, Cavalry directed CPS to continue to collect the alleged debt after September 15, 2014, and CPS communicated false information to the credit reporting agencies in connection with the collection of the alleged debt.

## COUNT I-FAIR DEBT COLLECTION PRACTICES ACT

29.     Plaintiff re-alleges paragraphs 1-28 as if set forth fully in this count.

30.     15 U.S.C. § 1692e provides:

## § 1692e. False or misleading representations

**A debt collector may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.  Without limiting the general application of the foregoing, the following conduct is a violation of this section:…**
**(2) The false representation of--**
**(A) the character, amount, or legal status of any debt;  or**
**(B) any services rendered or compensation which may be lawfully received by any debt collector for the collection of a debt…**
**(5) The threat to take any action that cannot legally be taken or that is not intended to be taken…**

**(8) Communicating or threatening to communicate to any person credit information which is known or which should be known to be false, including the failure to communicate that a disputed debt is disputed…**

**(10) The use of any false representation or deceptive means to collect or attempt to collect any debt or to obtain information concerning a consumer…**

31. One or both Defendants violated 15 U.S.C. §§ 1692e(2)(A) by misrepresenting the character, amount and legal status of the alleged debt.

32. One or both Defendants violated §1692e(8), and §1692e(10) by communicating false credit information relating to the alleged debt, to the Equifax, Experian and TransUnion credit reporting agencies

33. Plaintiff was damaged as a result of Defendants' conduct.

WHEREFORE, Plaintiff, Monika Carney, asks that the Court enter judgment in her favor and against Defendants as follows:

A. Statutory damages against each Defendant;

B. Actual damages;

C. Costs and reasonable attorney fees; and

D. Such other or further relief as the Court deems proper.

## <u>JURY DEMAND</u>

Plaintiff demands trial by jury.

The Law Office of M. Kris Kasalo, Ltd.    By: /s/ M. Kris Kasalo
20 North Clark Street, Suite 3100            M. Kris Kasalo
Chicago, Illinois 60602
tel 312.726.6160
fax 312.698.5054
mario.kasalo@kasalolaw.com

## <u>NOTICE OF LIEN AND ASSIGNMENT</u>

Please be advised that we claim a lien upon any recovery herein for 1/3 or such amount as a court awards. All rights relating to attorney's fees have been assigned to counsel.